IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.    1:25-CR-28 (AMN) |
| | ) |
| v. | ) **Information** |
| | ) |
| **SHELBRA LONG,** | ) Violation:   18 U.S.C. §§1341, 1343, and 1349 |
| | ) |
| **Defendant.** | ) [Conspiracy to Commit Mail and Wire Fraud] |
| | ) |
| | ) 1 Count and Forfeiture Allegation |
| | ) |
| | ) County of Offense:   Albany |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**Feb 26 - 2025**
John M. Domurad, Clerk

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
**[Conspiracy to Commit Mail and Wire Fraud]**

1. From in or around April 2010, through in or around February 11, 2020, in Albany County in the Northern District of New York, and elsewhere, the defendant, **SHELBRA LONG**, conspired with Coconspirators-1, -2, and -3, to commit the following offenses:

   a. **Mail Fraud**, by devising and intending to devise a scheme and artifice to defraud the United States Department of Education ("DoE"), and for obtaining money and property from DoE by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, knowingly caused to be delivered by the United States Postal Service according to the directions thereon any matter and thing, in violation of Title 18, United States Code, Section 1341; and

   b. **Wire Fraud**, by devising and intending to devise a scheme and artifice to defraud the DoE, and for obtaining money and property from DoE by means of false and

fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, and pictures, in violation of Title 18, United States Code, Section 1343.

## Object of the Conspiracy

2. The object of the conspiracy was to fraudulently obtain education benefits by submitting fraudulent admission and financial aid applications in the names of other people to various online colleges, and then withdrawing the purported student's enrollment, and having the balance of the education benefits transferred to bank accounts controlled by **LONG** and/or her coconspirators.

## Manner and Means

It was a manner and means of the conspiracy that:

3. **LONG** obtained the means of identification of numerous individuals and, along with her coconspirators, used those means of identification to file false and fraudulent applications for admission to various online colleges as well as federal financial aid for college attendance. **LONG** completed some applications herself and for the applications she didn't complete, **LONG** sent the information to be used on the applications to her coconspirators to complete. The applications for admission and federal financial aid misrepresented that they were being submitted by the named applicant when they were submitted by **LONG** and/or her coconspirators. False applications filed by **LONG** and/or her coconspirators using the means of identification included:

| Approximate Application Date | Description | Nature of Application | Applicant |
|---|---|---|---|
| March 28, 2016 | Wire Transmission | Financial Aid to attend Excelsior College | C.B. |
| March 31, 2016 | Mailing to Albany | Admission to Excelsior College | C.B. |
| December 8, 2017 | Wire Transmission | Financial Aid to attend Excelsior College | J.B. |
| December 14, 2017 | Wire Transmission from Georgia to Excelsior College computer in Albany | Admission to Excelsior College | J.B. |
| April 16, 2018 | Wire Transmission from Georgia to Excelsior College computer in Albany | Admission to Excelsior College | I.M. |
| April 17, 2018 | Wire Transmission | Financial Aid to attend Excelsior College | I.M. |
| July 17, 2019 | Wire Transmission | Admission to Excelsior College | M.H. |
| July 23, 2019 | Wire Transmission | Financial Aid to attend Excelsior College | M.H. |
| February 6, 2020 | Wire Transmission | Disbursal of Financial Aid | M.H. |

4. Based on the above mailing and wires, C.B., J.B., I.M., and M.H. were each admitted to Excelsior College, an online college based in Albany, New York, and granted federal financial aid, funded by the DoE.

5. The scheme continued until a search warrant was executed at **LONG**'s home in Oxford, Georgia on February 11, 2020. The execution of that search warrant led to the recovery of numerous purported students' dates of birth, Social Security numbers, and other personally

identifiable means of identification. The execution also led to the recovery of Excelsior College identity verification forms that were blank yet notarized.

6. DoE awarded $466,430 in federal financial aid based on false applications submitted by **LONG** and/or her coconspirators.

7. DoE disbursed $211,820 in federal financial aid based upon those false applications.

8. After the federal financial aid was disbursed to the online colleges, the coconspirators withdrew the students' enrollment. The unused portion of the financial aid was sent by the schools to bank accounts designated by **LONG** and her coconspirators.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of offenses in violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of this information, the defendant, **SHELBRA LONG** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. a money judgment in the amount of $52,304.

3. If any of the property described above, as a result of any act or omission of **SHELBRA LONG**:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: January 24, 2025　　　　　　　　　　　CARLA B. FREEDMAN
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　By:　*/s/ Jonathan S. Reiner*
　　　　　　　　　　　　　　　　　　　　　　Jonathan S. Reiner
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　Bar Roll No. 702645