IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:25-CR-28 (AMN) |
| | ) | |
| **v.** | ) | Government's Sentencing Memorandum |
| | ) | |
| **SHELBRA LONG,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the Defendant to a term of incarceration of 21 months; a three-year-term of supervised release; a fine in the Guideline amount of $10,000 to $95,000; and a $100 special assessment. The Government respectfully submits that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. §3553 where the Defendant participated in a decade-long scheme intended to defraud the United States Department of Education ("DoE") of over $460,000. The Government also asks the Court to order agreed-upon restitution in the amount of $211,820 to the DoE and forfeiture in the amount of $52,304.

I.    **Introduction**

On February 26, 2025, the Defendant pled guilty pursuant to a written plea agreement (ECF 4) ("Plea Agreement"), to a one-count-Information charging her with conspiring to commit mail and wire fraud, in violation of 18 U.S.C. §§1341, 1343, and 1349.

The government adopts the facts as set forth in the Presentence Investigation Report (ECF 17) (the "PSIR") prepared by the United States Probation Office, which in turn relied upon the Plea Agreement and other materials. Specifically, the Defendant agreed her son, daughter, and

one other person to engage in a decade-long scheme to submit applications for admission and federal financial aid in the names of numerous students to online colleges. PSIR ¶43. The defendant admitted that she sent personally identifiable information to her co-conspirators. PSIR ¶30(h). The conspirators opened bank accounts in the purported-students names, some of which used the defendant's home address as the student's home address. *See* PSIR ¶44, 60–61. The conspirators would withdraw the purported-students' from enrollment and have the excess award disbursed into the bank accounts they controlled. *See* PSIR ¶¶45, 49. Some of that money was used to pay the defendant's bills. *See* PSIR ¶61. The conspirators caused DoE to award $466,430; of which it actually disbursed $211,820. PSIR ¶28(g)–(h).

The Defendant is scheduled to be sentenced on August 5, 2025.

## II. Applicable Statutory and Guidelines Provisions

### a. Statutory Maximum and Minimum Penalties

*Maximum term of imprisonment*: 20 years pursuant to 18 U.S.C. §§1341, 1343, and 1349.

*Maximum fine*: $250,000 pursuant to 18 U.S.C. §3571(b)

*Maximum supervised release term*: up to 3 years pursuant to 18 U.S.C. §3583.

### b. Guidelines Provisions

#### i. Offense Level

The United States agrees with Probation that the Base Offense level is 7, the loss amount requires a 12-level-enhancement, a further 2-level-increase is appropriate because the offense level involved the used of a means of identification to produce another means of identification,[1] and Long is entitled to a 3-level-reduction for acceptance of responsibility. PSIR ¶¶71–73, 78–79.

---

[1] The parties did not discuss or stipulate to the applicability of this potential enhancement. The plea agreement expressly states that "[u]nless a stipulation in this agreement explicitly limits

2

The Government respectfully disagrees with Probation that Long merits a leadership enhancement pursuant to U.S.S.G. §3B1.1(c). When evaluating whether to apply this enhancement, the Guidelines direct courts to consider the:

1. exercise of decision-making authority,
2. nature of participation in the commission of the offense,
3. recruitment of accomplices,
4. claimed right to a larger share of the fruits of the crime,
5. degree of participation in planning or organizing the offense,
6. nature and scope of the illegal activity, and
7. degree of control and authority exercised over others

U.S.S.G. §3B1.1, app. n. 4. While the record demonstrates that Long was a crucial member of the conspiracy and it would fail without her contributions, the balance of these factors do not suggest that she had a leadership role. The evidence does not establish that Long recruited other accomplices or claimed a right to a greater control of the proceeds. And while Long provided the means of identification and roadmaps to her coconspirators, the evidence does not demonstrate that she controlled them. The government accordingly recommends against the application of the aggravating role enhancement.

Because the government does not believe Long should get the aggravating role, that would remove the impediment to her receiving a 2-level downward adjustment as a Zero-Point Offender.

---

the government's discretion with respect to its recommendation at sentencing, this agreement does not prevent the government from urging the sentencing Court to find that a particular offense level . . . applies." Plea Agreement at 17.

This enhancement is appropriate. Long used the purported-students' means of identification to create bank accounts. *See, e.g.*, PSR ¶¶44, 48. Bank account numbers constitute a means of identification. *See* U.S.S.G. §2B1.1, app. n. 10(C)(ii)(I) (explaining that a bank account number is a means of identification); *see also United States v. Williams,* 2023 U.S. Dist. LEXIS 49251 at *29 (D. Conn. March 23, 2023) (applying the Guideline 2B1.1(b)(11)(C)(i) enhancement based on a bank account).

The government therefore believes that <u>the Adjusted Offense Level is 16</u>.

### ii. Criminal History Category

The Government adopts the PSIR's determination that the Defendant has no scoreable criminal history and consequently the <u>Defendant's Criminal History Category is I</u>. PSIR ¶¶84–85.

### iii. Guidelines Range and Sentence

The Sentencing Guidelines advise that the Defendant—with an Adjusted Offense Level of 16 and a Criminal History Category of I—receive a sentence of <u>21 to 27 months incarceration</u>, <u>1 to 3 years supervised release</u>, and a <u>$10,000 to $95,000 fine</u>. U.S.S.G. ch. 5, pt. A. and §§5D1.2(a)(2), 5E1.2(c)(3). Only imprisonment satisfies the minimum Guidelines term because the Defendant's criminal history and adjusted offense level intersect in Zone D on the Sentencing Table. U.S.S.G. §5C1.1(f).

## III. Government's Sentencing Recommendation

Based on all of the information before the Court, the United States respectfully requests that the Court impose the 21-month-Guideline-floor of imprisonment, a 3-year-term of supervised release, and the agreed-upon forfeiture and restitution. This recommended sentence is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

### a. The Nature, Circumstances, and Seriousness of the Offense.

The DoE's Office of the Inspector General (OIG) reported that, in the last five fiscal years, courts ordered over $344.5 million in monetary judgments related stemming from OIG investigations. The Importance of Strengthening Internal Controls in Federal Student Aid (Dec.

2024) at 10.[2]  Every year, DoE disburses approximately $120 billion in aid.  DoE OIG Semiannual Report to Congress No. 90, No. 10 (Apr. 2025) at 1.[3]  In Fiscal Year 2024, DoE successfully prevented approximately $300 million in fraudulent disbursement.  Federal Student Aid Annual Report for Fiscal Year 2024 (Nov. 14, 2024) at 104.[4]  The $300 million in prevented fraud plus the $68 million annual recovery represents more than 30% of the annual $120 billion in disbursed education benefits.  Therefore, education benefit fraud is a massive problem.

In addition to being serious, this is a long-running offense.  The offense conduct spanned 119 months.  Long supplied numerous students' identities to her conspirators in an effort to obtain more money from DoE.  This was a calculated, prolonged effort to divert the funds meant to provide social mobility into the defendant's coffers.  The Court should consider the extended nature of the crime when fashioning a sentence.

### b. The History and Characteristics of the Defendant.

The Defendant is a 58-year-old woman in generally good physical, mental, and emotional health. PSIR ¶¶96–97. Although this is her first conviction, in 2016—in the midst of the offense conduct—she was arrested for "theft by shoplifting" and the case was dismissed when she completed a diversion program. PSIR ¶¶84, 86. In 2010, a felony "theft by taking" arrest from

---

[2] Available at <https://oig.ed.gov/sites/default/files/reports/2025-06/FY25%2520FSA%2520IC%2520Report%2520%252812.18.24%2529v101_508_SECURED.pdf> (last visited July 18, 2025).

[3] Available at <https://oig.ed.gov/sites/default/files/reports/2025-06/FY25%2520SAR%252090%2520%25285.27.25%2529v100_508_SECURED.pdf> (last visited July 18, 2025).

[4] Available at <https://oig.ed.gov/sites/default/files/reports/2025-06/FY25%2520FSA%2520Annual%2520Report%2520FY2024%2520%252811.18.24%2529v100.pdf> (last visited July 18, 2025).

four years earlier was resolved via *nolle prosequi*. PSIR ¶89. She had other documented interactions with the criminal justice system in 1985, 2001, and 2003. PSIR ¶¶88, 90, 91.

The defendant had significant periods of unemployment during the offense conduct. PSIR ¶103. For almost three years, she has worked as a respiratory therapist in Texas. PSIR ¶103. In the two years before becoming a respiratory therapist, the defendant worked in medical staffing. PSIR ¶103. It appears that she returned to the medical field when the offense conduct stopped.

The Government agrees with Probation's conclusion that the defendant has the ability to pay a fine. *See* PSIR ¶117. Additionally, the defendant personally obtained $52,304 from the criminal conduct. *See* PSIR ¶66. While the defendant has agreed to forfeit the money she stole, she has had several years in which those proceeds have been able to earn interest. If she earned 6% interest on those proceeds compounded monthly only from the time the offense conduct ended in February 2020, the $52,304 would have grown to $68,534. Further, the defendant made an initial, $16,000 payment towards her restitution obligation, demonstrating a greater access to cash than almost all defendants who come before this Court for sentencing. Accordingly, the Government respectfully requests that the Court impose a fine within the $10,000 to $95,000 Guideline range as part of the sentence.

    c. **Respect for the Law, Just Punishment, and Deterrence.**

A 21-month-term of imprisonment, a three-year-term of supervised release, a Guideline fine will promote respect for the law, provide just punishment, and further both specific deterrence to the Defendant and general deterrence to others. The Defendant helped defraud the government out of $211,820 – and she sought to obtain more than twice that amount. The amount is not *de minimis*. Her crime is one of greed, and the Court should punish her accordingly. Further, three

years of supervised release is appropriate given her participation in a criminal conspiracy for almost a decade.

According to the Sentencing Commission's Judiciary Sentencing INformation (JSIN), in the last five fiscal years, 575 non-cooperating defendants had a Final Offense Level of 16, Criminal History Category of I, and a primary Guideline of 2B1.1. Of those, 489 were sentenced to imprisonment, with 14 months being the average and median sentence. Given the length of the criminal conduct, the importance of Long's role in the conspiracy, and her prior theft-related contacts with the criminal justice system (*see* PSIR ¶¶86, 89), Long does not merit a downward variance.

## IV.     CONCLUSION

The Defendant conspired to defrauded the DoE, which lost hundreds of thousands of dollars as a result of the scheme. She took advantage of a program designed to enable people who might otherwise be financially prohibited to access higher education, a key driver of social mobility. The money she stole was unavailable to real students who actually needed those loans and grants in order to attend college. Since financial gain motivated this fraud, the Court's sentence will send a message to others about the costs of such criminal activity; that message will be considered by future potential criminals in determining whether the costs of fraud outweigh the financial benefits. Accordingly, the Court should sentence the Defendant to a 21-month-term of incarceration; a three-year-term of supervised release; a Guideline fine; and a $100 special assessment; and the Court should order the agreed-upon restitution of $381,815 to the State of New York as and forfeiture of $66,092.[5]

---

[5] The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte*

                                                JOHN A. SARCONE III
                                                Acting United States Attorney

By:    */s/ Jonathan S. Reiner*
        Jonathan S. Reiner
        Assistant United States Attorney
        Bar Roll No. 702645

## CERTIFICATE OF SERVICE

I hereby certify on July 18, 2025, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the Defendant.

                                                */s/ Jonathan S. Reiner*
                                                Jonathan S. Reiner
                                                Assistant United States Attorney
                                                Bar Roll No. 702645

---

departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(h), (i)(1)(c). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.